**TEXAS & NEW ORLEANS RAILROAD CO.,**
Appellant,

v.

**E. R. ADAMS, Appellee.**

No. 6622.

Court of Civil Appeals of Texas.

Beaumont.

May 30, 1963.

Rehearing Denied June 19, 1963.

Keith, Mehaffey & Weber, Beaumont, for appellant.

Orgain, Bell & Tucker, Beaumont, for appellee.

STEPHENSON, Justice.

This is a common law action for damages to recover the stipulated damages to a dump truck, resulting from a truck-train collision. Judgment was for plaintiff based upon a jury verdict. The parties will be designated here as they were in the trial court.

■■ Defendant contends there was no evidence to support the finding of the jury, that no warning signal was given by the engineer as the train approached the crossing at which the collision occurred. This is a question of law to be tested on appeal by considering only the evidence favorable to the verdict and disregarding all other evidence. The truck driver testified he did not hear a bell or a whistle. That the windows on the truck were down. That he had never had any trouble with his hearing. The plaintiff testified he was situated somewhere in the neighborhood of six or seven hundred feet from the place of the collision at the time, and that he did not hear any type of whistle or bell. Defendant contends this constitutes no evidence to support a finding of the jury that no whistle was blown or bell rung. The rule in reference to this type of testimony is set forth in Texas & N. O. R. Co. v. Foster, Tex.Civ. App., 266 S.W.2d 206, as follows:

"The testimony that they did not hear the whistle or bell, given by witnesses who were so situated as to render it reasonably probable that they would have heard them in the existing circumstances if they had been sounded, while negative in its nature, was evidence which is recognized as having probative value to establish that the whistle and bell were not sounded. And since it was evidence having probative value, the weight to be given it was, in our opinion, a matter for the jury to determine."

The evidence in this case raised an issue for the jury to determine. The testimony shows one of the witnesses was driving the truck involved in the collision, with the windows down, and that he had no hearing defects. These circumstances indicate that it is reasonably probable he would have heard a bell ring or a whistle blow if they had been sounded.

■ Defendant also contended the evidence was insufficient to support the finding of the jury as to no warning signal. In determining this point, we must consider all of the evidence, both favorable and contrary to the verdict.

The engineer testified that he gave a signal as the train approached the crossing. This signal was to blow the whistle two longs, a short and a long. That the train was fifteen or twenty feet from the crossing when he finished the last long blast. The engineer also testified the bell was ringing as the train crossed the crossing. The only other person to testify was Lillie V. Gibson, a disinterested witness. She was working inside a frame building situated about one city block from the crossing at which the collision occurred. The building in which she worked was air-conditioned and the windows were closed. She heard the train whistle, raised her head and about the same instant, heard a crash. About twenty or thirty minutes later she went to the scene of the collision and saw the wreck. She did not remember hearing a bell. The jurors were the triers of facts, and were the judges of the credibility of the witnesses. The conflict in the testimony was resolved by the jurors in favor of the witnesses for plaintiff. The verdict of the jury is not so against the weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.

■ The jury answered "no" to a special issue inquiring whether the truck driver attempted to cross the railroad tracks in question without first ascertaining it could be done with safety. Defendant contends this answer is in conflict with the uncontradicted evidence. The truck driver was asked what precautions he had taken to ascertain

whether a train was coming, to which he answered:

"I just drove up there and you couldn't see whether a train was coming or not. I was easing on across. After I got on the track, there the train was."

The evidence showed the visions of both the truck driver and the engineer on the train were obscured by freight cars standing on a second track between them. When the truck driver was asked if he looked before crossing the track, he answered:

"I looked the best I could. You could see the box cars and that was all."

He was asked if he listened for a train, to which he answered:

"I was listening, but I didn't hear whether one was coming or not."

When asked if he heard a bell or a whistle, he replied:

"No, I didn't hear a bell or whistle or nothing."

This was a defensive issue and the burden of proof was upon the defendant. The evidence shows the truck driver did everything the law requires him to do before starting across the track. He looked and he listened. The law does not require him to take any additional precaution. He was not obligated to stop, get out of his truck and walk up to the track before crossing. Chicago, Rock Island & Gulf R. Co. v. Zumwalt, Tex.Civ.App., 226 S.W. 1080.

■ The jury found, in answer to special issue #7, that the engineer sounded a warning signal at the crossing immediately prior to the time the truck driver attempted to cross the tracks in question. There is no point, or even a suggestion that this issue is in conflict with the finding that the engineer failed to give a warning as the engine approached the crossing in question. Apparently everyone in the suit, including the jury, considered these questions as inquiring about different times. The jury then found the truck driver did not fail to heed the signal inquired about in special issue #7. Defendant contends there was no evidence and insufficient evidence to sustain this last answer.

The truck driver testified that he eased out on the tracks, and after he got across one, he saw the train coming, so he accelerated, trying to get across, but he didn't have time. Apparently the jury felt the truck driver heeded the warning signal given immediately prior to his attempt to cross the track, by accelerating his truck. Applying the rules of law required of us mentioned in connection with Defendant's first two points of error, both of these points are overruled.

Judgment affirmed.